**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 4, 2026

A. Thompson Bayliss, Esq.
John M. Seaman, Esquire
Caitlin C. Bozman, Esquire
Bryan Blaylock, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

John P. DiTomo, Esq.
Jacob M. Perrone, Esquire
Nicholas R. Gottemoller, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

RE: *ATG Capital Opportunities Fund LP v. Ryan Lane, et al.*,
C.A. No. 2026-0447-LWW

Dear Counsel:

I have reviewed the parties' August 3 and August 4 letters concerning plaintiff ATG Capital Opportunities Fund LP's assertion of business strategy immunity over the names of Empery Digital, Inc. stockholders in a specific joint exhibit (JX 955).[1]

Delaware recognizes the business strategy immunity as a narrow, qualified privilege that protects "live strategies and plans" where disclosure would risk non-litigation injury.[2] ATG asserts that because JX 955 reflects its internal assessment

---

[1] Dkts. 241-42.

[2] *Atl. Rsch. Corp. v. Clabir Corp.*, 1987 WL 758584, at *2 (Del. Ch. Feb. 10, 1987).

of the electorate, the names of the stockholders it selected must be shielded. I disagree.

The compilation of these names may have been used by ATG to formulate a strategy, but that does not immunize the underlying facts from discovery. The names of stockholders are not, in and of themselves, a business strategy.[3] This court is reluctant to allow parties to withhold such relevant evidence to prevent a perceived strategic advantage in a proxy contest.[4]

Finally, ATG's concern that the defendants might use this information to target specific stockholders and influence their votes outside of this litigation is mitigated by the existing confidentiality order.[5] That order permits ATG to designate JX 955 "Highly Confidential," limiting its use to this litigation and preventing the harm business strategy immunity is designed to avoid.

---

[3] *See Texas Pac. Land Corp. v. Horizon Kinetics LLC*, C.A. No. 2022-1066-JTL, ¶ 3(c) (Del. Ch. Apr. 11, 2023) (ORDER) ("The names of stockholders are not a business strategy . . . .").

[4] *See Paragon Techs., Inc. v. Cryan*, C.A. No. 2023-1013-LWW, at 8 (Del. Ch. Nov. 16, 2023) (TRANSCRIPT); *see also Glassman v. Crossfit, Inc.*, 2012 WL 4859125, at *5 (Del. Ch. Oct. 12, 2012) ("This Court has been reluctant to allow parties to withhold relevant evidence by invoking the business-strategy privilege, even when the disclosure might benefit one of the parties outside of litigation."). ATG's reliance on *Dedde v. Orrox Corp.* is misplaced, as the quoted language in that decision pertained to the appropriate scope of discovery in a Section 220 summary proceeding, not the application of this immunity to trial exhibits. 1981 WL 15121, at *1 (Del. Ch. Apr. 8, 1981).

[5] Dkt. 42.

Accordingly, ATG's request to maintain the challenged redactions is denied. I am mindful, however, that we are in the middle of an expedited trial, and that lifting redactions from JX 955—a dense, native spreadsheet—would be burdensome and disruptive. To alleviate this burden, I adopt the defendants' practical suggestion that ATG be ordered to produce a standalone list of the stockholder names that were redacted from JX 955. ATG must do so by midnight tonight.[6] That list may be designated Highly Confidential. IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[6] The defendants' request for an unredacted version of JX 955 comes too late. Had it been made sooner, I would have ordered that an unredacted version of the spreadsheet be produced.